**UNITED STATES**

v.

**John R. TSCHIDA, 541 46 7731, Chief Quartermaster (E–7), U. S. Navy.**

**NCM 75 1505.**

U. S. Navy Court of Military Review.

Sentence Adjudged 18 Feb. 1975.

Decided 25 Aug. 1976.

LT Karl Zobrist, JAGC, USNR, Appellate Defense Counsel; Mr. Stanley E. Sacks, Esq., Individual Defense Counsel; LCDR A. K. Llewellyn, JAGC, USNR, Appellate Government Counsel.

Before NEWTON, FULTON and GLADIS, JJ.

NEWTON, Senior Judge:

Appellant was initially charged with twenty-four offenses in violation of the Uniform Code of Military Justice, 10 U.S.C. § 801, *et seq.* Those offenses involved conspiracy, desertion, willful disobedience, larcenies, threats, breaches of restriction, placing gambling bets via autovon telephone, bribery, and violation of Puerto Rican Tax

laws by wrongful disposition of tax exempted alcoholic beverages. Appellant contested all charges.

Appellant comes to this Court convicted by general court-martial with members of the following offenses, as approved by prior reviewing authorities.

Conspiracy to violate Article 134, UCMJ, 10 U.S.C. § 934, by violating Puerto Rican statute T13, section 6109 (1969), by selling and distributing tax exempt liquor and beer, in violation of Article 80, UCMJ, 10 U.S.C. § 880.

Unauthorized absence from 14 November until 16 November 1974, in violation of Article 86, UCMJ, 10 U.S.C. § 886.

Willful disobedience of a superior commissioned officer by using an official telephone for personal use on three occasions—three offenses, in violation of Article 90, UCMJ, 10 U.S.C. § 890.

Larceny of two cases of drinking glasses, in violation of Article 121, UCMJ, 10 U.S.C. § 921.

Breaking of restriction on 26 September, 4 October, 8 October and 10 October 1974—four offenses in violation of Article 134, UCMJ, 10 U.S.C. § 934.

Conduct bringing discredit upon the Armed Forces by sale and distribution of tax exempt distilled liquor in violation of Puerto Rico statute, T 13, section 6109, in violation of Article 134, UCMJ, 10 U.S.C. § 934.

Conduct bringing discredit upon the Armed Forces by sale and distribution of tax exempt beer in violation of Puerto Rico statute, T 13, section 6109, in violation of Article 134, UCMJ, 10 U.S.C. § 934.

Appellant assigns eleven errors in these proceedings, as set out below.

I. THE APPELLANT WAS SUBJECTED TO ILLEGAL PRETRIAL CONFINEMENT AND PUNISHMENT.

II. THE APPELLANT WAS DEPRIVED OF HIS RIGHT UNDER THE SIXTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES AND THE UNIFORM CODE OF MILITARY JUSTICE TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

III. PROSECUTION EXHIBITS 1 AND 2 WERE NOT PREPARED IN ACCORDANCE WITH GOVERNMENT REGULATIONS AND THEY WERE PREJUDICIALLY AND ERRONEOUSLY ADMITTED INTO EVIDENCE.

IV. THE MILITARY JUDGE ERRED TO THE PREJUDICE OF THE ACCUSED BY ADMITTING PROSECUTION EXHIBITS 1 AND 2 AS THEY WERE, IN ESSENCE, INVESTIGATIVE REPORTS NOT FALLING WITHIN ANY EXCEPTION TO THE HEARSAY RULE.

V. THE APPELLANT'S COURT-MARTIAL WAS FATALLY INFECTED BY THE IMPROPER ADMISSION IN NUMEROUS INSTANCES OF INCOMPETENT, IRRELEVANT AND PREJUDICIAL EVIDENCE.

VI. THERE WAS INSUFFICIENT EVIDENCE TO PROVE SPECIFICATION 4 OF CHARGE V, ALLEGING BREAKING RESTRICTION.

VII. THERE WAS INSUFFICIENT EVIDENCE TO PROVE SPECIFICATION 1 OF CHARGE IV, ALLEGING THAT THE APPELLANT STOLE TWO CASES OF GLASSES WHICH WERE THE PROPERTY OF THE U. S. GOVERNMENT.

VIII. EVEN IF NO SINGLE ERROR FATALLY INFECTED APPELLANT'S COURT-MARTIAL, THE CUMULATIVE EFFECT OF A TOTALITY OF ERRORS DESTROYED THE FUNDAMENTAL FAIRNESS NECESSARY TO CONSTITUTIONAL DUE PROCESS.

IX. THE SENTENCE ADJUDGED WAS UNLAWFUL.

Additional I

THE TRIAL COUNSEL IM-PROPERLY REQUESTED THE COURT–MARTIAL TO RE-TURN A SPECIFIC SEN-TENCE.

Additional II

THE STAFF JUDGE ADVO-CATE FAILED TO ADVISE THE CONVENING AUTHORI-TY OF THE EXISTENCE AND EFFECT OF THE GRANTS OF IMMUNITY GIVEN TO TWO WITNESSES.

The assignments will be successively addressed.

I

■ We find no illegal pretrial confinement or punishment. Appellant was duly restricted. He acknowledged that restricted status. While restricted he became an unauthorized absentee from Puerto Rico. He was apprehended in Maryland two days later. He was returned to Puerto Rico, where he was confined. The nearest Navy-approved confinement facility was at Guantanamo Bay, Cuba. Appellant was sent there. After about three weeks he was returned to Puerto Rico in order to afford him access to his counsel. Two federally approved confinement facilities in Puerto Rico were available—the city jail in San Juan and the Puerto Rico prison. Understandably, appellant did not desire to be confined at either of those institutions. Absent approval of his requested release from confinement, he requested to be retained at detention facilities at the Naval Base in Roosevelt Roads, Puerto Rico. His request was granted. The most onerous condition in that confinement appears to be the lack of hot water for showering. That discrepancy, in the climate of Puerto Rico, is not cause for overconcern. Under the circumstances in this case the action by government officials was not inappropriate. We note adequate cause for appellant's confinement in view of the numerous charges pending against him, his alleged proclivity to breach restriction and his unauthorized absence terminated by apprehension while in a supposed restricted status. The determination to confine appellant was appropriate and warranted. It was not unlawful.

II

■ We find no deprivation of Sixth Amendment constitutional rights or lack of effective assistance of counsel. In fact, we note appellant was represented by two duly certified and qualified counsel at trial. Twelve of the offenses charged have been negated—eight of those at trial through counsel's efforts. Additionally, appellant was acquitted of the desertion charge and found guilty of only a two-day unauthorized absence in lieu thereof. Counsel's efforts undoubtedly affected that relatively desirable outcome.

The thrust of appellant's argument is that his counsel: failed to conduct appropriate voir dire; made no opening statement; inadvertently used inappropriate language ("Jesus Christ") in making an objection; failed to request instructions to disregard excluded evidence; failed to object to the trial counsel's opening statement concerning conspirators; failed to object to evidence of misconduct not charged, such as appellant's affair with Vaida, appellant's proclivity to gamble, his fraudulent inclinations, and the testimony as to other unspecified complaints about appellant; and failed to object to hearsay evidence admitted at trial, e. g. a computer printout, telephone bills, sources of bottles of liquor, and unauthorized removal of furniture.

Appellant's list of complaints is long. Much of the evidence, to which appellant maintains counsel should have objected, concerned misconduct not charged. But, when considered in light of the totality of the charges against appellant that evidence may be considered relevant and admissible. *Manual for Courts-Martial, United States, 1969* (Revised edition), par. 138. Other portions of the evidence were admissible on valid grounds which probably would have been utilized had the defense counsel initially objected. There is no need to analyze each bit and piece of this evidence under

the issue stated. The criticisms are directed at defense tactics at trial. Second guessing the defense counsel is not appropriate. The defense team at trial was reasonably competent and met their responsibilities in an, at least, adequate manner. Counsel's approach to this complex and confusing case was professionally and ethically acceptable. The law does not require that he win all issues. *See* Judge Fulton's discussion of this issue in *United States v. Batts*, No. 74 2467 (N.C.M.R. 28 June 1976).

### III & IV

■ Appellant asserts that Prosecution Exhibits 1 and 2 were erroneously admitted as evidence. Those exhibits show the unauthorized absence and contain information bearing on intention to desert and misconduct not charged. The assertion is accepted as correct for purposes of discussion since they were not prepared in accordance with applicable regulations and were, therefore, inadmissible hearsay evidence. The record contains other overwhelming evidence of appellant's unauthorized absence. While restricted, he was authorized to report to the Naval Hospital at Roosevelt Roads on 14 November 1974 for treatment. The hospital is within the limits of the restricted area. He did not report as authorized. He was apprehended two days later in a trailer at Bainbridge, Maryland. Appellant was found not guilty of desertion during the indicated period of time—the issue to which Prosecution Exhibits 1 and 2 were primarily directed. We find no harm to appellant accruing from the admission of the exhibits, whether or not their admission was proper, because his guilt of the unauthorized absence is compellingly proved beyond reasonable doubt by other uncontested evidence of record. Even if inadmissible hearsay was admitted, that error had no prejudicial effect. *United States v. Whisenhant*, 17 U.S. C.M.A. 117, 37 C.M.R. 381 (1967).

### V

The specific complaints noted in appellant's brief under this assignment of error give no cause for concern.

■ The complaint that Commander Schatz' testimony was prejudicial is lacking in merit. It clearly appears that his testimony was uncertain on its face. That it was discounted by the court is apparent from the dismissal of specification 8 of Charge V, to which it was directed. Additionally, the trial judge on at least four occasions instructed the court to consider evidence of other misconduct not charged only for the limited purpose for which it was admitted.

■ Lieutenant Siwinski's testimony was clearly relevant and admissible. He was an alleged co-conspirator in the conspiracy offense alleged in specification 2 of Charge I. MCM, 1969 (Rev.), par. 140*b*. The fact that Siwinski received an order to stop allowing use of telephones for personal business was not hearsay.

Chief Petty Officer Hance's testimony went to specification 4 of Charge IV concerning theft of money from Hance. The money was given to appellant by Hance to ensure Hance's receipt of a desired set of transfer orders—bribery was the basis of the payment. The evidence was admissible. We note appellant was acquitted of the charged offense. No error is apparent.

■ Evidence bearing on the value of the glasses stolen as alleged in specification 1 of Charge IV was nebulous, to say the least. The specification merely alleged "some value." Admission of evidence as to inventory value of the glasses was of no consequence in any event—particularly where the value of the glasses was shown as $1.40 for forty glasses—a total value of $5.04 for all glasses allegedly stolen.

■ Prosecution Exhibit 5 is a telephone bill received by the Navy. It was admissible as evidence to show the calls on which the bill was based.

### VI

■ There is merit to this assignment of error. The evidence proves beyond reasonable doubt that appellant broke restriction

on 26 September 1974 and on two or three occasions in October 1974. The dates of the breaches of restriction in October 1974 are uncertain. For this reason, appellant is considered to be guilty of breach of restriction on 26 September 1974 and in October 1974—two offenses in lieu of four. Corrective action will be taken later herein.

### VII

■ Larceny of two cases of drinking glasses is proved beyond reasonable doubt. Appellant had access to the glasses which were government property. He was seen carrying glasses into his civilian bar. He indicated the governmental source of those glasses in casual conversation. The glasses were used in the bar. Whether or not the government victim realized the glasses had been stolen is immaterial.

### VIII

■ No merit is found in this assignment of cumulative error. As previously noted, the above assignments of error, by and large, are without merit. Where error did occur it had no real bearing on appellant's guilt of offenses as found prior hereto. We find no deprivation of due process or fair trial.

### IX

■ A general court-martial is not limited in the amount of forfeiture it may adjudge. MCM, 1969 (Rev.), par. 126*h*. This assignment is without merit.

### Additional I

■ Appellant's contention that the trial counsel may not request court members to return a specific sentence is considered incorrect.

The trial counsel may make argument for an appropriate sentence. He may properly ask for a severe sentence. *United States v. Woods,* 18 U.S.C.M.A. 291, 40 C.M.R. 3 (1969); MCM, 1969 (Rev.), par. 75*f*. To hold otherwise, as does the Court of Military Review in *United States v. Razor,* 41 C.M.R. 708 (A.C.M.R.1970), affirmed on oth-

er grounds, 19 U.S.C.M.A. 570, 42 C.M.R. 172 (1970), requires that the prosecutor argue in generalities rather than specifics. The result is an anomalous circumstance wherein the purpose of argument—to clarify facts and theory—is unnecessarily frustrated. The court is left to determine a question without having appropriate guidelines which they may apply in behalf of one side. A recommendation or request for a specific sentence does not, per se, exceed the bounds of fair comment by either side. Specificity and detail are prerequisites to informed decision making.

### Additional II

■ Although the staff judge advocate's review does not discuss the specific effect of the grants of immunity given to two prosecution witnesses, it does clearly show that those witnesses were granted immunity. We find the review to be adequate in view of the disposition of one of the charges to which the witnesses' testimony related—acquittal of specification 4 of Charge IV, and because, when taken *in toto*, the review adequately appraises the substitute convening authority of the grants and his responsibility to determine controverted issues and the credibility of the witnesses.

Having thus disposed of appellant's assignments of error, attention focuses on an overall examination of this record. It unfolds a canvas of the many difficulties and confusions springing forth with the closing of a naval activity and the transfer of commands from that defunct activity. A large portion of appellant's conduct giving rise to the charged offenses occurred in concert with the closing of the command.

After learning of a scheduled move of naval activities from San Juan to Roosevelt Roads, Puerto Rico, a small group of officers and petty officers decided to open a bar near Roosevelt Roads. A structure was leased and refurbished. Thereafter, a gala opening with free drinks and food was scheduled and conducted. Alcoholic beverages consisting of tax exempted liquor lawfully obtained from Navy package stores

was served, free of charge, at the opening. It appears that the bar thereafter experienced some success. It also seems to have served as the carrot-on-a-stick in further use of tax exempt liquor and beer for sale, and in providing a utilization for otherwise unused furnishings from Navy sources at San Juan.

The foregoing background bears directly on specification 2 of Charge I and specifications 10 and 11 of Charge V. The allegations in those specifications are that appellant conspired to violate and did violate Puerto Rican law by the sale and distribution of untaxed alcoholic beverages, to the discredit of the Armed Forces. (R. 282–284). Since those offenses occurred off base, the third clause of Article 134, UCMJ, 10 U.S.C. § 934 was not applied. The sole and specific theory of governmental prosecution was that the alleged conduct was service discrediting.

The evidence of record shows appellant did on divers occasions utilize tax exempted alcoholic beverages (liquor) for sale in his commercial bar. He poured the contents of bottles of tax exempted liquor into empty bottles bearing Puerto Rico tax stamps. The tax exempted liquor was sold in the bar from those bottles. Additionally, tax exempted beer was, at times, sold in the bar. The tax exempt liquor and beer was lawfully obtained from Navy-operated resale activities. Only the manner of its use was unlawful.

■ Does a violation of Puerto Rico revenue producing and alcoholic beverage control laws within the jurisdiction of Puerto Rico constitute a service discrediting act? To be service discrediting the offense must be of a nature such as to injure the reputation of the service. It is conduct tending to bring the service into disrepute, or to lower it in public esteem. MCM, 1969 (Rev.), par. 213c. See examples therein.

■ It is noted that no local service regulation existed which provided for control of alcoholic beverages sold at Navy instrumentalities—whether by oversight or intention is not apparent. That omission

leaves a void. It results in a strong inference that local law should be applied by local authorities. It substantially weakens any inference that a violation of the local law is service discrediting. If otherwise, it is a simple matter for Naval authorities to assure direct control of alcoholic beverages through promulgation of specific regulations thereon.

The local Navy command by its omission, in making a regulation for alcoholic beverage control, may thus be in some part responsible for appellant's violation of local law. Comparative guilt between government authorities and the appellant is not the yardstick however. The decisive consideration is that by failing to make a regulation, the government implicitly did not recognize foreseeable misuse of alcoholic beverages to be service discrediting. If otherwise it could have easily and adequately protected itself. The Puerto Rico law which was violated is for the benefit, advantage and within the sole cognizance of Puerto Rico. It produces revenue from and provides control of alcoholic beverages. No evidence exists which will allow the conclusion that violation of the Puerto Rico statute injured the reputation of the service, or brought the service into disrepute, or lowered it in public esteem. No offense against a person occurred as exists in the service discrediting examples set out in MCM, 1969 (Rev.), par. 213c. The failure of proof requires that the findings of guilty of the noted offenses be set aside.

The substantial jurisdictional issues presented in these conspiracy—service discrediting offenses are not overlooked. *United States v. Moore*, 1 M.J. 448 (C. M.A.1976). However, the failure of proof of guilt leaves those issues for later resolution. The findings of guilt of specification 2 of Charge I and specifications 10 and 11 of Charge V will be set aside due to the lack of proof of guilt beyond reasonable doubt.

■ Turning to specifications 1, 2 and 3 of Charge III, we find appellant guilty of disobedience of an order issued by his superior commissioned officer. Appellant used

an official telephone to make unauthorized calls after he was specifically told not to do so. The evidence of record leaves no doubt as to those facts. There is not sufficient showing, however, that appellant intentionally defied authority as required to convict of a violation of Article 90, UCMJ, 10 U.S.C. § 890, as alleged. Heedlessness or remissiveness do not constitute a violation of the *Article*. MCM, 1969 (Rev.), par. 169*b*. Commission of the lesser offense of knowingly failing to obey a lawful order in violation of Article 92, UCMJ, 10 U.S.C. § 892 is shown beyond reasonable doubt. Appropriate modification of those findings will be made.

■ Left for consideration is appellant's sentence. He is guilty of a two-day unauthorized absence, disobedience of a lawful order on three separate occasions, larceny of 144 drinking glasses of some value, and two offenses of breaking restriction. The maximum punishment authorized for those offenses includes a bad conduct discharge, 27 months confinement, total forfeitures and reduction to pay grade E–1.

Appellant is a chief petty officer who was placed in a position of trust and responsibility. He proved himself less than worthy of that position. The offenses which he has committed are serious—more so, than if committed by one of lower rating, ability and position. The sentence is reassessed in light of those considerations and the offenses he has committed. For this offender and these offenses a bad conduct discharge, confinement for one year, forfeiture of all pay and allowances for one year and reduction to pay grade E–1 is appropriate and warranted.

Accordingly, the findings of guilty to specification 2 of Charge I, Charge I, and specifications 10 and 11 of Charge V are set aside and those charged offenses are dismissed.

The findings of guilty of the lesser offense of unauthorized absence from 14 to 16 November 1974 under Charge II, of the lesser offenses of violating lawful orders on three occasions under Charge III, of larceny as alleged in specification 1 of Charge IV

and of breaking restriction on 26 September 1974 and in October 1974 under Charge V, and only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for one year, forfeiture of all pay and allowances for one year and reduction to pay grade E–1, are affirmed.

Judge FULTON and Judge GLADIS concur.