UNITED STATES

v.

Airman Jay R. WYROZYNSKI, FR 500–66–6884, United States Air Force.

ACM S24705.

U. S. Air Force Court of Military Review.

25 June 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Patrick A. Tucker.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

HERMAN, Judge:

The questions presented for resolution are whether the military judge erred in failing, *sua sponte*, to instruct the members of the court to disregard what is termed uncharged misconduct, in addition to hearsay evidence of the accused's poor job performance given by his unit commander.

The accused was convicted, in accordance with his pleas, by a special court-martial which included members, of a failure to go, two assaults consummated by batteries, an unlawful entry and a breach of restriction, in violation of Articles 86, 128, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 886, 928, 934.

During the presentencing portion of the trial, the defense offered a letter of notification for administrative discharge, signed by the accused's unit commander and served on the accused about two weeks before the first of the offenses charged. As the letter made reference to three letters of reprimand for a curfew violation, provoking speeches and gestures toward other military members, and drunk and disorderly in a nearby community, as well as three dishonored checks and an Article 15, 10 U.S.C. § 815 for drunk and disorderly conduct, the military judge questioned defense counsel at length regarding the advisability of offering this document, as it could have a detrimental effect upon sentence. Trial counsel objected to its admission on the ground of relevance. The defense argued vigorously, reasoning that the pressure of the pending administrative discharge could explain the accused's state of mind, or the motive behind his bizarre behavior during this period; he also intended to show an inconsistency between the unit commander's anticipated testimony that the accused was of no value to the Air Force (which could precipitate a bad conduct discharge), and the honorable discharge recommended by the unit commander in the letter. The trial judge properly admitted the letter into evidence, and it was given to the members, but not until the judge had again cautioned

counsel that the matters contained therein could be interpreted as aggravating as well as mitigating.[1]

■ With the evidence in this posture, the unit commander was called by the prosecution to rebut the accused's unsworn statement. When asked how he came to know the accused, he replied, without objection by the defense, that his first contact was through an incident in which he had to get him out of jail and review the matter. Although the details of the arrest were not revealed in the record, it is fair to infer that it related to one of the incidents for which the accused was being recommended for administrative discharge, most probably the curfew violation. We view this testimony to have no prejudicial effect whatsoever upon the sentence deliberations, particularly in the light of the numerous infractions before the court.

In his unsworn statement, the accused stated, *inter alia* :

While my duty performance has always been good, I have been in constant trouble off duty.

.    .    .    .    .

I have always prided myself in my work and I do not think I am a bad person.

Appellate defense counsel alleged that the following passage from the testimony of the unit commander, elicited by trial counsel to rebut[2] the quoted portions of the accused's unsworn statement was prejudicial hearsay:

Well I have asked his supervisors, as I do for a lot of individuals, I have asked his supervisor what kind of performance the individual was giving and his replies varied from extremely marginal to, in essence, no good at all. There was a while

there, about the third or fourth time I talked to his supervisor, he thought that some potential was showing and his duty performance showed a slight increase. Since that time, he had advised me that it has deteriorated.

■ Counsel correctly terms this testimony hearsay. We observe, however, that, "the rules of evidence are considerably relaxed, both as to the accused and the prosecution, after findings. *United States v. Plante*, 13 U.S.C.M.A. 266, 32 C.M.R. 266 (1962); *United States v. Blau*, 5 U.S.C.M.A. 232, 17 C.M.R. 232 (1954); *United States v. Ledezma*, 4 M.J. 838 (A.F.C.M.R.1978). A unit commander, as part of his responsibilities, must educate himself with respect to the job performance of members of his command. He may do this by asking supervisors and personally observing an individual at work. This unit commander observed the accused on eight or ten occasions varying from a few minutes to an hour and a half, and by making a number of inquiries of the accused's supervisors.

■ It is self-evident that the unit commander was a member of the community in which the accused pursued his profession. Manual for Courts-Martial, 1969 (Rev.), para. 138$f$(1). He is, therefore, manifestly qualified to testify concerning the accused's reputation for job performance; in this case, his personal observations and inquiries formed a more than adequate foundation for his testimony. In the light of relaxed evidentiary rules in this stage of the trial, it was not necessary to lay a formal foundation for his opinion by asking him whether he was a member of the community, had an opinion of the accused's reputation for job performance, and what that opinion might be.[3] His testimony was,

---

1. Defense counsel's rationale for offering this document was reasonable, and we will not substitute our judgment of proper trial tactics for that of counsel. *Altom v. United States*, 454 F.2d 289 (7th Cir. 1972), cert. denied, 406 U.S. 917, 92 S.Ct. 1765, 32 L.Ed. 116 (1972); *Wyche v. United States*, 193 F.2d 703 (D.C.Cir. 1951), cert. denied, 342 U.S. 943, 72 S.Ct. 556, 96 L.Ed. 702 (1952); *United States v. Cohen*, 2 M.J. 350 (A.F.C.M.R.1976), *pet. denied*, 3 M.J.

88 (C.M.A.1977); *United States v. Tschida*, 1 M.J. 997 (N.C.M.R.1976), *pet. denied*, 2 M.J. 192 (C.M.A.1976).

2. Manual for Courts-Martial, 1969 (Rev.), para. 75$c$(2).

3. By this ruling, we do not mean to open the door, in the presentencing process, to other, less reliable, hearsay evidence.

therefore, properly admissible to rebut that portion of the accused's unsworn statement which alluded to his duty performance.

The errors alleged by appellate defense counsel are accordingly without merit. The findings of guilty and the sentence are correct in law and fact and are

AFFIRMED.

EARLY, Chief Judge, and ORSER and ARROWOOD, Judges, concur.