**UNITED STATES, Appellee,**

v.

**Private (E–1) James D. ARMSTRONG, SSN 547–15–9493, United States Army, Appellant.**

**SPCM 16435.**

U. S. Army Court of Military Review.

11 Dec. 1981.

---

Captain Dennis E. Brower, JAGC, and Captain William T. Wilson, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Paul K. Cascio, JAGC, and Captain Thomas E. Booth, JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Following his pleas of guilty, the appellant was convicted of wrongful possession of 135.70 grams of marihuana and wrongful possession of a canister containing a residue of marihuana. The military judge sentenced him to a bad-conduct discharge, confinement at hard labor for four months, and forfeiture of $334.00 pay per month for four months. The convening authority in ac-

cordance with a pretrial agreement approved only a bad-conduct discharge, confinement at hard labor for three months, and forfeiture of $334.00 pay per month for three months.

During the sentencing portion of the trial, the appellant testified under oath that he liked the Army and wished to stay in. No other evidence was offered in extenuation and mitigation. The Government, over objection, then called two witnesses who testified as to the appellant's poor soldierly performance and specific acts of misconduct. One witness, the appellant's first sergeant, pointed out how the appellant had been involved in drugs and how this adversely affected his job performance. He also stated that the appellant was not ready for the Army. The other witness, the appellant's company commander, testified as to three instances of nonjudicial punishment that he imposed on the appellant for unauthorized absences.[1] The company commander also characterized the appellant's performance of duty as substandard, which he attributed in part to the charges before the court-martial. He described the appellant as not suitable for rehabilitation.

The Manual for Courts-Martial, United States, 1969 (Revised edition), provides at paragraph 75e that after "matter in aggravation, extenuation, or mitigation has been introduced, the prosecution or defense has the right to cross-examine any witnesses and to offer evidence in rebuttal." The evidence introduced by the Government goes beyond rebuttal of the appellant's testimony which, as noted, merely extended to his liking of the Army and his desire to remain in the service.[2] Accordingly, the military judge erred in admitting his testimony. *See United States v. Jenkins,* 7 M.J. 504 (A.F.C.M.R.1979). *Cf. United States v.*

---

**1.** The defense counsel first elicited information concerning one nonjudicial punishment during cross-examination of the first sergeant. He also stated for the record that he had no objection to testimony about another nonjudicial punishment that was imposed subsequent to preferral of the charges in the instant case.

**2.** Paragraph 75b(3), Manual for Courts-Martial, United States, 1969 (Revised edition), provides:

"If a finding of guilty of an offense is based upon a plea of guilty and available and admissible evidence as to any aggravating circumstances was not introduced before the findings, the prosecution may introduce that evidence after the findings are announced." The evidence introduced by the Government, however, does not qualify as matter in aggravation of the offense.

*Wyrozynski*, 7 M.J. 900 (A.F.C.M.R.1979). However, in view of the aggravating facts in the case, we find no prejudice.[3]

The findings of guilty and the sentence are affirmed.

---

3. The appellant testified during the sentencing portion of the trial that a friend paid him to package the 135 grams of marihuana. We infer from this that the friend intended to sell the marihuana.