UNITED STATES, Appellee

v

ARTHUR LOUIS STEIN, Seaman Recruit,
U. S. Navy, Appellant

20 USCMA 518, 43 CMR 358

No. 23,553

April 23, 1971

Lieutenant Arthur H. Rainey, JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was Captain Harry N. Lembeck, USMCR.

Captain Frank J. Kaveney, USMCR, argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel Charles J. Keever, USMC, and Commander Michael F. Fasanaro, Jr., JAGC, USN.

## Opinion of the Court

DARDEN, Judge:

The appellant escaped from correctional custody on March 20, 1970, and then departed from the Great Lakes, Illinois, Naval Training Center, on a 10-day unauthorized absence. Afterward he was convicted on his plea by a military judge at a special court-martial for the escape and the unauthorized absence. The question before us relates to the multiplicity of these offenses.

Because Stein's escape also marked the start of the unauthorized absence, only one of the offenses is usable for sentencing. United States v Schwartz, 19 USCMA 431, 42 CMR 33 (1970); United States v ▮▮▮▮ Pearson, 19 USCMA 379, 41 CMR 379 (1970); United States v Weaver, 20 USCMA 58, 42 CMR 250 (1970); United States v Welch, 9 USCMA 255, 26 CMR 35 (1958); United States v Modesett, 9 USCMA 152, 25 CMR 414 (1958); and United States v Franklin, 12 USCMA 477, 31 CMR 63 (1961). Neither counsel raised the issue of multiplicity at trial, and the record fails to show that the military judge regarded the charges as one when he imposed sen-

518

tence. To the contrary, the military judge, during his inquiry about the guilty plea, informed the appellant of the maximum punishment imposable for the two offenses.

In a general court-martial this information alone would reflect the judge's decision on whether both offenses affect the limit of sentencing. Here, the maximum is set by the statutory limit on the sentence a special court-martial may impose. Both offenses, or the escape alone, could support a more severe sentence than a special court-martial is authorized to adjudge. See Table of Maximum Punishments, Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 127c.

If the members of a court had determined this sentence, uncertainty about whether they consider the █ offenses as separate in their decision might require a rehearing. Cf. United States v Posnick, 8 USCMA 201, 24 CMR 11 (1957); United States v Woolley, 8 USCMA 655, 25 CMR 159 (1958). A military judge alone sentenced this appellant. In United States v Montgomery, 20 USCMA 35, 39, 42 CMR 227 (1970), the Court's opinion declared that a military judge:

". . . [A]s distinguished from a jury, must be presumed to have exercised the proper discretion in distinguishing between material and immaterial evidence introduced at the trial and to have based his decision only on the former, in the absence of a clear showing to the contrary by the appellant. United States v Menk, 406 F2d 124 (CA7th Cir) (1968). Although consideration by members of the court of irrelevant evidence might be more easily prejudicial, we are satisfied that the military judge was uninfluenced in establishing a sentence by an indication that the appellant was affiliated with a particular denomination."

Applying the same reasoning, we are satisfied the military judge in this case knew the offenses should be treated as only one for sentencing.

Lack of comment during trial by counsel and the military judge may indicate a common understanding that the offenses would be treated as multiplicious for sentence purposes, as appellate Government counsel suggest. Unexplicit records inspire speculation and uncertainty, however. Military judges and trial counsel could forestall controversy in this area by recording their views on sentencing multiplicity and we strongly urge that they do so, particularly in special courts-martial.

We affirm the decision of the Court of Military Review.

Chief Judge QUINN and Judge FERGUSON concur.