**UNITED STATES, Appellee,**

v.

**Harvey L. RUSSELL, Private, U.S. Army, Appellant.**

**No. 31,648.**
**CM 432724.**

U. S. Court of Military Appeals.

Feb. 1, 1977.

*Captain Ronald Lewis Gallant* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey* and *Major Richard J. Goddard.*

*Captain Gay M. Holmes* argued the cause for Appellee, United States. With her on the brief were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Major Steven M. Werner*, and *Captain William C. Kirk.*

## Opinion of the Court

PERRY, Judge:

The appellant was convicted by a general court-martial of an unauthorized absence, larceny (nine specifications), and making fraudulent claims (seven specifications) in violation of Articles 86, 121, and 132, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921, and 932. He was sentenced to a dishonorable discharge, confinement at hard labor for 5 years, and total forfeitures.[1] The United States Army Court of Military Review has affirmed. *United States v. Russell*, CM 432734 (A.C.M.R. Dec. 4, 1975). We granted review to consider the appellant's claim that the convening authority was misled, to the appellant's detriment, by erroneous advice in the staff judge advocate's review concerning the maximum imposable punishment.

The record reveals that the appellant was initially charged with 1 specification of un-authorized absence, 10 specifications of larceny, and 10 specifications of making fraudulent claims. During the trial, the military judge ruled that the larceny and fraudulent claim specifications were merged for sentencing purposes. In his post-trial review, the staff judge advocate advised the convening authority that the maximum period of confinement which could be imposed upon the appellant on account of the offenses of which he was convicted was 93 years.[2] However, as noted by the Court of Military Review, the staff judge advocate at another place in the same review correctly advised the convening authority that the larceny charges and the fraud charges were multiplicious for sentencing purposes and further advised him of a reduced maximum period of confinement of 42 years. In fact, the maximum imposable confinement is 46 years.[3] The appellant urges that there is a fair risk that the convening authority was misled.

We have carefully considered the arguments and, like the Court of Military Review, find no fair risk that the convening authority was misled to the appellant's prejudice. *United States v. Johnson*, 21 U.S.C.M.A. 270, 45 C.M.R. 44 (1972); *United States v. Cree*, 1 M.J. 210 (1975). It is true that the staff judge advocate erroneously stated the maximum imposable sentence in the statistical data on the first page of his review. But he later advised, in the same review, that the larceny and fraud specifications were merged for sentencing purposes. The staff judge advocate's review must be considered as a whole. Viewed in that fashion, the misstatement is reduced to a minor inaccuracy which will not justify the setting aside of the advice given. *United States v. Sulewski*, 9 U.S.C.M.A. 490, 26

---

1. The Army Clemency and Parole Board has reduced the period of confinement to 4 years.

2. The staff judge advocate undoubtedly repeated advice he had given prior to the trial and prior to rulings by the trial judge that certain offenses were merged for purposes of sentencing.

3. One specification of AWOL over 30 days    1 year
Eight specifications of larceny over $100    40 years
One specification of fraud    <u>5 years</u>
   46 years

One specification alleged larceny of less than $100 for which the maximum confine is 1 year. Under approved sentencing procedures, this larceny charged was merged with the fraud specification for sentencing purposes since the fraud charge permitted imposition of the larger period of confinement.

C.M.R. 270 (1958). Finally, it is noted that the military judge and the convening authority properly treated the offenses as multiplicious for sentencing purposes as evidenced by the fact that the confinement adjudged was well below the correct maximum. *United States v. Stein*, 20 U.S. C.M.A. 518, 43 C.M.R. 358 (1971).

The decision of the U.S. Army Court of Military Review is affirmed.

Judge COOK concurs.

FLETCHER, Chief Judge (concurring in the result):

I concur in the conclusion of the majority that upon viewing the staff judge advocate's review as a whole, the misadvice presented on the cover sheet of the review was not such as to lead to a determination that there was a fair risk that the convening authority was misled. However, I do not feel that the mere fact that the convening authority approved the same amount of confinement which was adjudged by the trial judge demonstrates that he, a layman, made the same proper determination as to multiplicity and the corresponding calculations as to the correct maximum imposable sentence that the trial judge did. Hence, I feel that reliance upon *United States v. Stein*, 20 U.S.C.M.A. 518, 43 C.M.R. 358 (1971), is too broad.