## UNITED STATES

v.

**Airman Leon V. GUDEL, Jr., FR 156–64–6708, United States Air Force.**

### ACM S26123.

U.S. Air Force Court of Military Review.

Sentence Adjudged 30 June 1983.

Decided 3 Feb. 1984.

Appellate Counsel for the Accused: Colonel George R. Stevens, Colonel Leo L. Sergi, Captain Conrad C. Baldwin and Lieutenant Colonel Alfred E.T. Rusch, USAFR.

Appellate Counsel for the Government: Colonel Kenneth R. Rengert, Lieutenant Colonel Andrew J. Adams, Jr., Captain Kevin L. Daugherty and Major Peter Reilly, USAFR.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

RAICHLE, Judge:

Consonant with his pleas, the accused was found guilty of wrongful appropriation of $4,147.45 from the noncommissioned officers (NCO) club, in violation of Article 121, U.C.M.J., and uttering one bad check to the Audio Club for $504.00 and three bad checks to the NCO club totalling $300.00, in violation of Article 123a, U.C. M.J., 10 U.S.C. § 923a. The accused now asserts that the finding of wrongful appropriation was multiplicious with the findings of uttering bad checks to the NCO club with intent to defraud. We agree.

During the providency inquiry all parties agreed that the $300.00 involved in the bad check offenses comprised a portion of the total of $4,147.45 involved in the wrongful appropriation. Here, as in *United States v. Allen*, 16 M.J. 395 (C.M.A. 1983), and *United States v. Ward*, 15 M.J. 377 (C.M.A.1983), each utterance was the false pretense by which money was obtained from the NCO club and made the subject of the specification of wrongful appropriation. Findings of guilty may not be allowed to stand with respect to bad check offenses where they are alleged as the false pretenses by which property has been wrongfully appropriated. *United States v. Allen, supra.* Accordingly, they will be dismissed. *United States v. Holt*, 16 M.J. 393 (C.M.A.1983).

In testing for prejudice to the accused as to sentence, we note that this was a judge alone trial. Prior to the providency inquiry, the military judge noted that the bad check and wrongful appropriation specifications might be multiplicious for purposes of findings. Both counsel conceded that the

specifications would be multiplicious for purposes of sentencing. The military judge made no further inquiry since trial defense counsel noted he had no objection as to multiplicity for findings. Neither counsel raised the issue during sentencing proceedings and the record fails to show whether the military judge regarded the charges as multiplicious when he imposed sentence.

■ A military judge is presumed to know the law and apply it correctly. *See United States v. Montgomery,* 20 U.S.C. M.A. 35, 42 C.M.R. 227 (1970). Since the accused was sentenced by the military judge alone, we will assume that he knew the offenses should be treated as multiplicious for sentencing. *United States v. Stein,* 20 U.S.C.M.A. 518, 43 C.M.R. 358 (1971). In light of the foregoing, the concession by both counsel that the specifications were multiplicious for sentencing, the fairly light sentence imposed by the military judge, and the fact that either offense would support a more severe sentence than a special court-martial could adjudge, we perceive no prejudice to the accused.

We next turn to the issue specified by this Court:

DID THE MILITARY JUDGE ERR BY ADMITTING PROSECUTION EXHIBIT 2, AN OFFICE OF SPECIAL INVESTIGATIONS REPORT OF INVESTIGATION, DURING SENTENCING PROCEEDINGS?

We decide that he did err and will reassess.

A brief recital of the facts is required. After arraignment the accused pled not guilty to larceny of $4,147.45, but guilty of wrongful appropriation of that amount. The government nevertheless attempted to prove the offense of larceny. During presentation of the defense case the accused testified that he began writing bad checks when his mother advised him that his family needed money because of his father's hospitalization. He also testified that he had sent almost all of the money home. The prosecution then called an Office of Special Investigations (OSI) agent in rebuttal and offered his testimony and an OSI

report of investigation to establish that the accused had never sent large sums of money to his parents. The OSI report was a summary of what the accused's parents had told an OSI agent who relayed that information to another OSI agent who had written the report. Upon objection due to the hearsay nature of this evidence, the prosecution argued that the evidence was admissible as an exception to the rule excluding hearsay under Mil.R.Evid. 803(6) (Records of regularly conducted activity), Mil.R.Evid. 803(8) (Public records and reports), or Mil.R.Evid. 803(24) (Other exceptions). The defense objection was correctly sustained by the military judge.

During presentencing proceedings the accused made both an oral and written unsworn statement in which he again stated that he wrote bad checks and sent the money home because his father was ill and the family needed the money. In rebuttal, the government again submitted the same OSI report. The defense objected on the same grounds but the military judge admitted the report this time, citing Mil.R.Evid. 1101(c). This was error.

■ At the outset we note that this evidence was not admissible under any of the hearsay exceptions cited by trial counsel. While it is true that the application of the rules of evidence may be relaxed in sentencing proceedings, Mil.R.Evid. 1101(c) and M.C.M., 1969 (Rev.), para. 75c, we, like the Court of Military Appeals, believe that the rules are not so relaxed as to eliminate the requirement that the government demonstrate that the proffered evidence meets generally accepted standards of relevance, materiality and reliability. *United States v. McGill,* 15 M.J. 242 (C.M.A.1983); *see United States v. Mack,* 9 M.J. 300 (C.M.A. 1980). Although hearsay evidence may, under some circumstances, be admissible during sentencing proceedings because the rules are relaxed, *see United States v. Boughton,* 16 M.J. 649 (A.F.C.M.R.1983), and *United States v. Wyrozynski,* 7 M.J. 900 (A.F.C.M.R.1979), the hearsay evidence in this case, while relevant and material, is simply too far removed from its source to

have sufficient indicia of reliability. Accordingly, the military judge erred by admitting the OSI report of investigation.

Specifications 1, 3, and 4 of Charge II are set aside and ordered dismissed. Reassessing the approved sentence of a bad conduct discharge, confinement at hard labor for four months, and reduction to airman basic, we find it to be nevertheless appropriate based upon the remaining offenses and the record of the accused. Accordingly, the findings, as modified, and the sentence are

AFFIRMED.