**UNITED STATES**

**v.**

**Patrick M. LOVELL, 299 60 7985, Lance Corporal (E-3), U.S. Marine Corps.**

**NMCM 87 4180.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 14 Aug. 1987.

Decided 11 May 1988.

---

Lcdr. J.J. Quigley, JAGC, USN, Appellate Defense Counsel.

Lcdr. L. Saccoccio, JAGC, USN, Appellate Defense Counsel.

Lt. Eralides E. Cabrera, JAGC, USNR, Appellate Government Counsel.

Before BYRNE, COUGHLIN and RUBENS, JJ.

RUBENS, Judge:

Appellant was convicted by special court-martial (military judge alone) upon mixed pleas of two specifications of unauthorized absence and one specification of escape from custody in violation of Articles 86 and 95, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 895, respectively. He was sentenced to, and the convening authority subsequently approved, confinement for 75 days, reduction to E–1, and a bad-conduct discharge.

We have examined the record of trial, the assignments of error, and the Government's reply thereto, and have concluded that no error materially prejudicial to the substantial rights of the appellant was committed.

■ Appellant's first assignment of error is that the finding of guilty to escape from custody was not proved beyond reasonable doubt because appellant was not under the control and in the presence of the persons who apprehended him when he began his absence and, therefore, was not in custody. We specifically find, however, that appellant was in lawful custody and remained in the presence of Second Lieutenant Dawson until his escape. *United States v. Ellsey*, 16 U.S.C.M.A. 455, 37 C.M.R. 75 (1966); *United States v. Royal*, 2 M.J. 591 (N.C.M.R.1976); *United States v. Ream*, 1 M.J. 759 (A.F.C.M.R.1975). The physical presence of the escorts and the degree of moral suasion exercised by their presence distinguishes this case from *United States v. King*, 45 C.M.R. 783 (NCMR 1971).

The second assignment of error concerns Specification 2 of the Charge. Although the specification alleged one period of unauthorized absence from 15 May 1987 to 15 July 1987, the military judge found appellant guilty of two periods of absence under Specification 2 because of an intervening apprehension. Appellant now asserts that the second period of absence under Specification 2 is multiplicious for sentencing with the escape from custody in Additional Charge I and its Specification. We agree.

■ *United States v. Francis*, 15 M.J. 424 (C.M.A. 1983), authorizes findings of multiple periods of unauthorized absence in a single alleged period of absence but limits the punishment to the maximum for the charged offense. Thus, the sentence may not be increased as a consequence of divid-

ing one charged absence into two absences. This is exactly what would occur here, however, if the second period of absence were considered separately punishable from the escape from custody offense. Accordingly, under these unique circumstances, the unauthorized absence and escape from custody offenses are multiplicious for sentencing. We need not and do not decide whether such offenses would be multiplicious for sentencing under ordinary circumstances. It is noted that an absence of more than minimal duration and escape from custody are not multiplicious for findings. *See generally United States v. DiBello*, 17 M.J. 77 (C.M.A. 1983).

Contrary to the assertions of the appellant, we do not conclude that the military judge considered the second period of absence in Specification 2 and the escape from custody offense as separately punishable. His presentencing remarks indicate only that he considered appellant guilty of four separate crimes (*i.e.*, that the offenses were not multiplicious for findings), not that these offenses were separately punishable. We therefore assume that the military judge knew the applicable law and followed it. *United States v. Stein*, 20 U.S.C.M.A. 518, 43 C.M.R. 358 (1971).

Accordingly, the findings and sentence as approved on review below are affirmed.

Chief Judge BYRNE and Judge COUGHLIN concur.