**UNITED STATES**

**v.**

**Jeffrey D. TESTORI, 044 62 7941, Mess Management Specialist Seaman Recruit (E–1), U.S. Navy.**

**NMCM 91 2955.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 12 Aug. 1991.

Decided 25 Aug. 1992.

Maj. G.S. Warner, USMC, Appellate Defense Counsel.

LCDR Stephen H. Johnson, JAGC, USNR, Appellate Defense Counsel.

LT K.S. Anderson, JAGC, USNR, Appellate Government Counsel.

Before FREYER, Senior Judge, and REED and MOLLISON, JJ.

PER CURIAM:

Consistent with his pleas, the appellant was found guilty of five specifications of unauthorized absence, one specification of larceny of a privately-owned motor vehicle, and one specification of larceny of a pistol in violation of Articles 86 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 921. A military judge sentenced the appellant to confinement for 5 months, forfeiture of $400.00 pay per month for 5 months, and a bad-conduct discharge. The convening authority approved the adjudged sentence, but suspended confinement in excess of 60 days pursuant to a pretrial agreement. The appellant asserts two errors were committed in his court-martial.[1] The first assignment of error concerns the providence of his plea of guilty to larceny of the automobile. The second concerns the post-trial service of the record of trial and staff judge advocate's recommendation on trial defense counsel. Finding no error materially prejudicial to the substantial rights of the appellant, we affirm.

### Providence of the Guilty Plea

■ An accused may not enter inconsistent, improvident or uninformed pleas of guilty. Article 45, UCMJ, 10 U.S.C. § 845. Before the military judge may accept an accused's plea of guilty, he must personally inform the accused of the nature of the offense to which the plea is offered and must inquire into the factual basis for the plea. Rule for Courts–Martial (R.C.M.) 910(c), (e), Manual for Courts–Martial

(MCM), United States, 1984; *United States v. Care*, 18 C.M.A. 535, 40 C.M.R. 247 (1969). For these purposes, the elements of the offenses should be described to the accused and the accused must admit their truth. R.C.M. 910(c)(1), (e), Discussion. Inconsistencies and apparent defenses must be resolved or the guilty pleas must be rejected by the military judge. *United States v. Jemmings*, 1 M.J. 414 (C.M.A. 1976); *United States v. Jackson*, 23 M.J. 650, 652 (N.M.C.M.R.1986), *pet. denied*, 24 M.J. 405 (C.M.A.1987). The military judge is not required to embark on a mindless fishing expedition to ferret out or negate all possible defenses or inconsistencies." *Jackson*, 23 M.J. at 652. Rather, the military judge is required to deal with potential issues raised in the providence inquiry or during the trial that indicate an inconsistency or a defense. *Id.* When the accused's responses reasonably raise the question of a defense, the military judge must make a more searching inquiry. *United States v. Timmins*, 21 C.M.A. 475, 45 C.M.R. 249, 253 (1972). In short, a provident plea of guilty is one that is knowingly, intelligently and consciously entered and is factually accurate and legally consistent. *United States v. Sanders*, 33 M.J. 1026 (N.M.C.M.R.1991).

■ A Court of Military Review may not set aside a finding of guilty or the sentence in the absence of an error materially prejudicial to the substantial rights of the appellant. Article 59(a), UCMJ, 10 U.S.C. § 959(a). The record must contain some reasonable ground for finding an inconsistency between the plea and the accused's statements, and reversal will not follow from the mere possibility of a conflict. *United States v. Logan*, 22 C.M.A. 349, 351, 47 C.M.R. 1, 3 (1973); *United States v. Logan*, 31 M.J. 910, 913 (A.F.C.M.R.1990); *United States v. Tichy*, 50 C.M.R. 526, 529 (N.C.M.R.1975). "The bottom line ... is

---

1. I. APPELLANT'S PLEAS TO SPECIFICATION 1 OF CHARGE II [LARCENY OF A MOTOR VEHICLE] ARE NOT PROVIDENT. II. THE CONVENING AUTHORITY ERRED BY APPROVING A SENTENCE INCLUDING A BAD CONDUCT DISCHARGE BASED UPON A RECORD OF TRIAL WHICH FAILS TO HAVE ATTACHED PROOF OF SERVICE OF EITHER THE RECORD OF TRIAL OR STAFF JUDGE ADVOCATE'S RECOMMENDATION UPON DEFENSE COUNSEL.

that rejection of the plea requires that the record of trial show a 'substantial basis' in law and fact for questioning the guilty plea." *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991). We must, therefore, examine the record of trial to determine whether a substantial basis for questioning the appellant's guilty pleas exists.

■ At trial the appellant pled guilty to stealing the automobile of a shipmate on 9 July 1991. Charge II, Specification 1. The military judge informed the appellant of the elements of this offense, including the element that his taking of the vehicle must be with the intent permanently to deprive the owner of its use and benefit. Record at 12. The appellant admitted the accuracy of the elements. Record at 13. The appellant stated that the offense occurred while appellant was an unauthorized absentee. The appellant found the keys to the vehicle on a sink in the head of the Navy Exchange in Norfolk, Virginia. The appellant took the keys and went to find the vehicle and its owner whom he knew from his ship. The appellant and another individual did not find the owner, but they did find the vehicle parked in the exchange parking lot. The appellant and his confederate took the vehicle without the owner's permission and drove off towards Virginia Beach. Record at 25–27. The following colloquy between the military judge and appellant ensued:

MJ: Now, at the time you took his car and went to Virginia Beach, what did you intend to do with the car?

ACCUSED: When we first took the car, Your Honor, we intended to just take it to Virginia Beach and leave it there. But, as the day went on, we had intentions to take it—I was going to go home to Connecticut and just drop it off up there.

MJ: When you say "drop it off," do you mean to abandon—just leave it abandoned?

ACCUSED: Yes, Your Honor.

MJ: Did you have any intentions at the time you took the car from the parking lot of giving it back to [the owner]?

ACCUSED: No, Your Honor.

Record at 27. In support of his pleas of guilty to the offense of larceny of a pistol,[2] the appellant also informed the military judge that he and his associate broke into a box in the trunk of the vehicle, removed a $250.00 pistol belonging to the owner, and "sold" the pistol to a pawnshop for $50.00. Record at 28–29. In the early morning hours of the following day, the appellant was stopped by the Naval Station, Norfolk police in connection with the taking of the vehicle. Record at 24–25.

■ Based on this record, the appellant now contends that his plea of guilty to larceny of the automobile was improvident. Specifically, he contends the statement that he intended to abandon the vehicle was inconsistent with an intent to deprive the owner of the vehicle permanently. We disagree. The appellant admitted it was his intent to deprive the owner of the vehicle permanently. An intent to dispose of a vehicle by abandonment is not inconsistent with an intent to deprive the owner of the property permanently. *Cf. United States v. Wooten*, 13 C.M.A. 171, 32 C.M.R. 171 (1962); *United States v. Brookman*, 7 C.M.A. 729, 23 C.M.R. 193 (1957). Had the appellant stated that it was his intent *to return* the vehicle to the owner, such a statement of intent would have been inconsistent with a plea of guilty to the offense of larceny. The appellant's statement that he intended to deprive the owner of the vehicle permanently, vice return it, is further buttressed by his admissions that he broke into the box in the trunk, removed the pistol from it and "sold it to the pawn shop." Record at 28. Finding nothing in the record of trial that shows a substantial basis in law and fact for questioning the guilty plea, we will not reject it. In short, the appellant's pleas were knowingly, intelligently and consciously entered and appear factually accurate and legally consistent.

*Approval of the Bad–Conduct Discharge*

Finally, the appellant contends the convening authority could not approve the bad-conduct discharge because the record is

2. Charge II, Specification 2.

incomplete inasmuch as it does not contain trial defense counsel's receipt for the record of trial and staff judge advocate's recommendation. This assignment of error and others of a similar nature have previously been determined to be without merit. *United States v. DeGrocco,* 23 M.J. 146 (C.M.A.1987); *United States v. Watkins,* 35 M.J. 709 (N.M.C.M.R.1992); *United States v. Mayville,* 32 M.J. 838 (N.M.C.M.R.1991), *pet. denied,* 33 M.J. 489 (C.M.A.1991); *United States v. Diaz–Carrero,* 31 M.J. 920, 921 (A.C.M.R.1990), *pet. denied,* 32 M.J. 484 (C.M.A.1991); *United States v. Barnette,* 21 M.J. 749 (N.M.C.M.R.1985); *United States v. Skaar,* 20 M.J. 836 (N.M.C.M.R.1985) (*en banc*).

 We pass on to two matters not raised by the appellant. The two specifications of Charge II, alleging larceny of a motor vehicle and property within it, are one offense for findings and sentencing purposes. *Cf. United States v. Webster,* 40 C.M.R. 774 (A.B.R.1969), *pet. denied,* 18 C.M.A. 646, 40 C.M.R. 327 (1969). Accordingly, the two specifications are consolidated into one specification under Charge II, and thus combined, the findings of guilty are affirmed. The military judge did not state whether he treated the two specifications of Charge II as multiplicious for sentencing purposes. Nonetheless, he is presumed to know that these offenses were multiplicious for this purpose. *United States v. Stein,* 20 C.M.A. 518, 43 C.M.R. 358 (1971). Accordingly, reassessment of sentence is not required. The sentence, as approved on review below, is also affirmed.

Finally, we note the convening authority's action and promulgating order state the appellant received two prior nonjudicial punishments for unauthorized absences, however, it appears that the punishments recited therein relate to someone other than the appellant. *Compare* Prosecution Exhibits 1 and 2 "for identification" and Record at 35 *with* Convening Authority's Action. Accordingly, a new, corrected promulgating order, deleting the aforementioned nonjudicial punishments and noting the aforementioned consolidation of offenses, shall be issued.

FREYER, Senior Judge (concurring):

As I understand the law, to reduce larceny to wrongful appropriation, it is not necessary that the wrongful taker intend personally to return the property to the owner, merely that he intend that the owner be deprived of it only temporarily, not permanently. If an automobile wrongfully taken is abandoned on the Belt Parkway in Brooklyn, where the only reasonable expectation is that it will be "stripped" within hours, an intent to deprive permanently may be readily inferred; if such automobile is abandoned in the parking lot of a police station in rural Minnesota, the reasonable expectation is that it will, in due course, be restored to its owner, and the inference of an intent to deprive only temporarily is manifest. Most cases will, of course, fall between these two extremes. Consequently, it is advisable, I think, for the trial judge in such cases to inquire into the accused's intent with some reference to the circumstances of the abandonment and the accused's expectations arising therefrom in order to elicit a factual basis for a conclusory admission of an intent to deprive permanently.

We, however, are concerned, in this context, only with bare legal sufficiency. Under the law as stated in the principal opinion, I agree that an unelaborated admission of intent to deprive permanently, unless belied by the facts, is minimally sufficient for a provident plea. I, therefore, concur in affirming the modified findings of guilty and the sentence, and in ordering a new court-martial order.