UNITED STATES, Appellee

v

EDWARD L. ROSENBLATT, Airman Basic,
U. S. Air Force, Appellant

13 USCMA 28, 32 CMR 28

No. 15,525

April 6, 1962

*Colonel Joseph E. Krysakowski* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel E. Henderson, Jr.,* and *Captain Hugh J. Dolan.*

*Major John C. Wiley* argued the cause for Appellee, United States. With him on the brief was *Colonel Merlin W. Baker.*

## Opinion of the Court

QUINN, Chief Judge:

The accused was stopped by the Mississippi highway patrol for driving a motorcycle without a license tag. Investigation disclosed the cycle had been taken by the accused, earlier that evening, from a parking lot near Gate 2, Keesler Air Force Base. He was charged with larceny by the civilian authorities and freed on bond. Several weeks later his case came up for trial in the circuit court of Harris County. He pleaded guilty to "a reduced charge of trespass less than larceny," and was fined $500.00. Shortly thereafter, and notwithstanding the civilian prosecution, the accused was charged with wrongful appropriation of the motorcycle. He was convicted and sentenced to confinement at hard labor for two months, forfeiture of $55.00 per month for a like period, and to be discharged with a bad-conduct discharge.

At trial, no mention was made of the accused's prosecution and punishment by the civilian authorities. Appellate defense counsel maintain that prior punishment is so substantially mitigating in nature that the court-martial's ignorance of it made the sentence it imposed unrealistic and unjust. See United States v Huff, 11 USCMA 397, 29 CMR 213. Accordingly, they urge that we set aside the sentence and direct a rehearing.

We have no disposition to review the professional soundness of every exercise of judgment by a lawyer in the trial of a case. United States v Hunter, 2 USCMA 37, 6 CMR 37. However, an accused is entitled to a fair hearing. To that end his counsel is bound to present such evidence as is known and is available to him, which would manifestly and materially affect the outcome of the case. United States v Allen, 8 USCMA 504, 25 CMR 8; United States v Parker, 6 USCMA 75, 19 CMR 201. Previous conviction and punishment for the same offense by state authorities is a major circumstance meriting serious consideration in the court-martial's determination of an appropriate sentence. When such civilian punishment has been imposed, but the fact is kept from the court-martial, the sentence it adjudges may be unrealistic. In justice to the accused, he should have a rehearing on his sentence.

The decision of the board of review as to the sentence is set aside. A rehearing may be ordered.

Judges FERGUSON and KILDAY concur.