UNITED STATES, Appellee

v

LARRY J. AULT, Private, U. S. Army, Appellant

15 USCMA 540, 36 CMR 38

No. 18,741

November 12, 1965

*Captain James A. Buttry* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk* and *Lieutenant Colonel Jacob Hagopian.*

*Captain Walter L. Harvey* argued the cause for Appellee, United States. With him on the brief were *Colonel Joseph J. Crimmins* and *Lieutenant Colonel Francis M. Cooper.*

## Opinion of the Court

KILDAY, Judge:

In accordance with his plea, the accused was convicted of larceny (purse snatching) of a handbag, containing about $100.00 in currency, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921, and sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for two years. The convening authority reduced the confinement to one year and an Army board of review affirmed the findings and sentence without opinion.

We granted appellant's petition for review to consider whether the law officer erred to the substantial prejudice of the petitioner when he excluded evidence in mitigation and extenuation that the victim of the alleged offense did not desire that the petitioner be punished further.

During the out-of-court hearing into the providence of the petitioner's plea, defense counsel requested an advisory opinion as to the admissibility, in extenuation and mitigation, of a document which read as follows:

540

"STATE OF TENNESSEE
VS                           No 17977
    LARRY JAMES AULT
    JOHN R. CROWDER
    MICHAEL S. FERRER
    RONALD L. SIMMONS

My wife and I do not desire to prosecute the above defendants in this case because we feel that they have served enough time or have been punished adequately otherwise.

                    /S/ Jesse F. Spurlock
/S/ James Palmer Kelley
            Witness"

Defense counsel explained that this was a copy of a document submitted to State authorities in connection with the civilian charges against Ault and his associates for the same offense.[1]

Trial counsel objected on the grounds that: (1) the document was an expression of opinion on the quantum of punishment, a matter solely within the province of the members of the court; (2) the only reason it was prepared at all was to avoid a continuance of the already four-times delayed efforts to bring the matter to trial; and (3) the document is hearsay.

The law officer asserted that the rules in this phase of the proceedings are considerably relaxed and he believed the matter to be within his discretion. He stated, however, that he would not rule on it until it was offered in open court.

Subsequent to the petitioner's testimony in that portion of the trial relating to sentence, defense counsel offered the document in evidence and the law officer sustained trial counsel's objection.

In United States v Blau, 5 USCMA 232, 243, 17 CMR 232, we had occasion to examine, extensively, into the situation prevailing with regard to the admissibility of evidence during that phase of the proceedings immediately concerned with the punishment to be imposed upon a convicted accused.[2] We found the rules considerably relaxed and commented that:

". . . Manifestly, the leniency accorded both parties in the presentation of evidence *after verdict* was intended to permit the court-martial to take into consideration all information, which is relevant and reasonably reliable, as an aid in fixing an appropriate sentence."

However, as we said in United States v Franchia, 13 USCMA 315, 320, 32 CMR 315, "the extent to which the rules are relaxed rests in the sound discretion of the law officer."

The defense contends that the evidence contained in the proffered statement was relevant to the issue of punishment and that it would in no manner usurp the function of the court-martial, as alleged by the Government, since previous punishment is recognized as a pertinent matter for consideration by the court members.

Indeed, in United States v Rosenblatt, 13 USCMA 28, 29, 32 CMR 28, we did state that:

". . . Previous conviction and punishment for the same offense by state authorities is a major circumstance meriting serious consideration in the court-martial's determination of an appropriate sentence."

But in the case at bar there is no such evidence for it is quite clear that the State of Tennessee entered a *nolle prosequi* based on the above-quoted written communication.[3] While it is true

---

[1] During the Article 32 hearing, the investigating officer determined that a recommendation of *nolle prosequi* of the State's case had been made by the prosecution in the civilian court, based upon receipt of this letter from the victim's husband. He also learned, through telephonic contact with the husband, that the principal reason for dropping the action in civil court was that it required too much of their time from business, they both having appeared for trial on four occasions without positive results.

[2] See generally paragraphs 75 and 146b, Manual for Courts-Martial, United States, 1951.

[3] We are not here concerned with nor do we intend hereby to express an opinion on whether we should in all cases take judicial notice of the records of other courts (see United States v Lovett, 7 USCMA 704, 23 CMR 168), for this information was

**541**

that some previous punishment is indicated therein, counsel has not enlightened us on this issue and we are unable, adequately, to speculate on the nature thereof.

In his consideration of the admissibility of the proffered document, the law officer was concerned with, and several times mentioned, United States v Capito, 31 CMR 369, petition denied 13 USCMA 684. There the board of review upheld the action of the law officer in deleting from a number of written statements attesting to the good character and work performance of the accused, those portions which expressed an opinion or recommendation that Capito should not be eliminated from the service. Relying on our statement in United States v Rinehart, 8 USCMA 402, 405, 24 CMR 212, that, "The court members must reach a decision on the findings and sentence on the basis of the evidence presented and the law officer's instructions and nothing else," the board found that such a recommendation as to the specific components of an appropriate sentence is not evidence and could constitute an interference with the duties of the court members. It held that the action of the law officer was not error and was a proper exercise of his discretion.

In this case, although the document was signed by the victim's husband, the law officer viewed it as possibly coming within the ambit of a request by the victim for clemency, and, as such, he believed its admissibility to be a matter within his discretion. His statements to counsel in the out-of-court hearing leave no doubt as to his complete awareness of the relaxation of the rules of evidence in presentencing procedures.

We agree that the admissibility of this document was within the sound discretion of the law officer. It is unquestioned that it was hearsay and that, in fact, it did not even refer to trial by court-martial. In addition, we are unaware of whether the law officer believed it invaded the province of the court as to imposition of sentence or was further influenced by defense counsel's acknowledgment that he had not contacted the victim or her husband to verify their present state of mind on this question, for he did not explain his reasons for sustaining the Government's objection.

In light of the above, we hold that the law officer did not abuse his discretion in refusing to admit the proffered document. United States v Franchia, supra.

Accordingly, the decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.

---

contained in the report of the Article 32 investigating officer and we are empowered to examine the entire record. Article 67(b), Uniform Code of Military Justice, 10 USC § 867. See also United States v Culp, 14 USCMA 199, 203, 33 CMR 411.