**UNITED STATES**

v.

**Sergeant Gabriel J. VOS, FR 264–23–7926 United States Air Force.**

**ACM S24659.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 2 Aug. 1978.

Decided 29 March 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Patrick A. Tucker.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

DECISION

HERMAN, Judge:

Before a military judge sitting as a special court-martial, the accused was convicted, consonant with his pleas, of six specifications involving wrongful use, possession,

transfer, or sale of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence is bad conduct discharge, confinement at hard labor for four months, reduction to airman, and a reprimand.

■ Appellate defense counsel assert that the argument on sentence by trial counsel was improper and prejudicial because he made a specific recommendation for sentence.[1] They quote from the American Bar Association Standards for Criminal Justice, The Prosecution Function, § 6.1b(1971), which states,

> Where sentence is fixed by the judge without jury participation, the prosecutor ordinarily should not make any specific recommendation as to the appropriate sentence, unless his recommendation is requested by the court or he has agreed to make a recommendation as the result of plea discussions.

Air Force Manual 111–1, Military Justice Guide, paragraph 1–11, 2 July 1973, Change 2 (8 October 1976), provides,

> As far as practicable, and when not inconsistent with the Uniform Code of Military Justice, Manual for Courts-Martial, 1969 (Rev.), and departmental directives, the American Bar Association Standards for Criminal Justice are applicable to courts-martial.

In a letter to the field,[2] the Air Force Director of the Judiciary delineated those portions of the Standards which were fully applicable, applicable in principle, or not applicable to Air Force courts-martial. The standard purportedly violated by trial counsel in this case was there characterized as fully applicable to courts-martial conducted in the Air Force. We find a direct inconsistency between this Standard and paragraph 75*f* of the Manual for Courts-Martial, 1969 (Rev.) and hold that portion of the letter to be erroneous and of no effect. Paragraph 75*f* provides:

> After introduction of matters relating to the sentence, counsel for each side may make argument for an appropriate sentence. Trial counsel may not, in this argument, purport to speak for the convening authority or any higher authority, refer to the views of these authorities, refer to any policy directive relative to punishment, or refer to any punishment or quantum of punishment in excess of that which can lawfully be imposed in the particular case by the particular court.

It is clear that these directions to trial counsel provide, in themselves, a standard for him to follow. Although forbidding him to speak in a representative capacity—obviously to avoid command influence upon the sentencing process—he may argue for a specific sentence subject to the jurisdictional limit of the forum. The rationale for the American Bar Association Standard is to avoid undue pressure on civilian trial judges, often elected officials, and to prevent the influence of public pressure upon prosecutors to demand severe sentences.[3] Such considerations do not apply to military judges and prosecutors in the United States Air Force, who are constituted within an independent function of The Judge Advocate General's Department. So long as trial counsel complies with the Manual for Courts-Martial, *supra,* the decisions of the United States Court of Military Appeals, and this Court, there is not the remotest danger that the sentences imposed by military judges will be improperly influenced. As the Manual for Courts-Martial, *supra,* makes no distinction between arguments of counsel before military judges or members of courts-martial imposing sentence, we do the same, and find no impropriety in the argument of trial counsel in this case.[4]

---

1. The argument was, "The prosecution would ask the court to return a sentence including a bad conduct discharge, reduction to the grade of airman basic and appropriate forfeitures and or confinement."

2. USAF Judiciary Special Subject Letter No. 49, 12 August 1977.

3. See descriptive text following ABA Standards for Criminal Justice, § 6.1b, The Prosecution Function (1971).

4. Accord, *United States v. Tschida*, 1 M.J. 997 (N.C.M.R.1976) pet. denied, 2 M.J. 192 (C.M.A. 1976); *United States v. Higdon*, 2 M.J. 445 (A.C.M.R.1974). We suggest that the following

As we perceived a possibility that the accused may have failed to receive adequate representation at trial, we specified the following issue to appellate counsel:

WHETHER THE ACCUSED WAS ADEQUATELY REPRESENTED DURING THE SENTENCING PORTION OF THE PROCEEDING, IN VIEW OF HIS POST–TRIAL ASSERTION THAT PRIOR TO TRIAL HE DELIVERED TO HIS TRIAL DEFENSE COUNSEL VARIOUS DOCUMENTS ATTESTING TO HIS CHARACTER AND DUTY PERFORMANCE WHICH HIS COUNSEL DID NOT PRESENT TO THE COURT.

■ In response, appellate defense counsel moved for a limited evidentiary hearing, *United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), to hear the contentions of the parties, evidence and witnesses relevant to this issue. Inasmuch as these objectives could be, and, in fact, were fulfilled by affidavits and documents filed in subsequent pleadings, that motion is denied.[5] We have considered the affidavits and statements attached, *United States v. Davis,* 3 M.J. 430 (C.M.A.1977), on the issue of effectiveness of counsel, and find that the statements furnished to counsel before trial and not offered into evidence are simply cumulative of the excellent evidence admitted, particularly in the light of the trial judge's comment before announcing sentence,

. . . (L)et me state to the accused there are two factors that I felt somewhat paramount in my decision on sen-

tencing. There were two factors and one of them was quite positive and the other was quite negative. The positive factor was that I had given a lot of consideration to the fact that you had almost four years of what I consider exemplary service to the United States Air Force prior to the commission of the offense. . .

An accused's "counsel is bound to present such evidence as is known and is available to him, which would manifestly and materially affect the outcome of the case." *United States v. Rosenblatt,* 13 U.S.C.M.A. 28, 32 M.C.R. 28 (1962); *United States v. Sifuentes,* 5 M.J. 649 (A.F.C.M.R.1978), pet. denied, 5 M.J. 324 (CMA 1978). We find that the additional documents would not have affected the sentence in the least, had they been presented to the military judge. Trial defense counsel's decision to introduce only selective statements and testimony was a reasonable exercise of sound judgment. *United States v. Sifuentes, supra.*

The findings of guilty and the sentence are correct in law and fact and are

AFFIRMED.

EARLY, Chief Judge, ORSER and ARROWOOD, Judges, concur.

---

instruction be given where counsel for either side have argued for specific punishments:

The arguments of counsel represent only their suggestion of what might be an appropriate sentence and do not necessarily reflect the opinion of the United States Air Force or

of anyone, other than counsel, who occupies an official position with respect to these proceedings.

5. We granted the motions by both counsel for leave to file affidavits and statements.