**UNITED STATES, Appellee,**

v.

**Specialist Four Terry M. RICH, SSN 112–50–7768, United States Army, Appellant.**

**SPCM 15706.**

U. S. Army Court of Military Review.

20 Nov. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Robert C. Rhodes, JAGC, and Captain Marcus C. McCarty, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major Paul K. Cascio, JAGC, and Captain Thomas E. Booth, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

On the recommendation of the trial counsel in this case, the convening authority accepted appellant's offer to plead guilty in return for a specified limitation on the sentence to be approved. During the ensuing sentencing proceedings before a military judge, the trial counsel argued for imposition of a particular sentence which exceeded the limits agreed to by the convening authority. His argument for a specific sentence was objected to at the trial and the propriety of his argument has been made an issue on this appeal.[1]

■ The Manual for Courts-Martial provides that, "[a]fter introduction of matters relating to the sentence, counsel for each side may make argument for an appropriate sentence." Manual for Courts-Martial, United States, 1969 (Revised edition), par. 75f. These provisions reflect an earlier holding of the Court of Military Appeals to the effect that a trial counsel may argue as to the quantum of the sentence to be adjudged so long as it is not implied that such is the sentence desired by the convening authority. *United States v. Olson,* 7 U.S.C. M.A. 242, 22 C.M.R. 32 (1956); *see* Department of the Army Pamphlet No. 27–2, Analysis of Contents: Manual for Courts-Martial, United States, 1969, Revised Edition, at pp. 13–6, 13–7 (1970) (comment on par. "75e").[2]

[1]. The charges were unauthorized absence (two specifications) and a related charge of willfully disobeying an officer's order. In consideration of the pleas of guilty, the convening authority agreed to approve no sentence greater than a reduction to the lowest enlisted grade and a bad-conduct discharge with confinement at hard labor for sixty days and forfeiture of two-thirds pay per month for two months. The military judge properly inquired into the conditions of the plea bargain and avoided ascertaining the agreed quantum. In a statement for his client in extenuation and mitigation, the defense counsel depicted his client as being resigned to a discharge, but as desiring no further confinement beyond that served pretrial. The trial counsel, after interruption by an objection, was permitted to argue that, "[i]n addition to a bad conduct discharge, the government would assert that forfeitures of two-thirds pay for four months, confinement at hard labor for 120 days and reduction to E–1 are warranted." As can be seen, the periods of confinement and forfeitures that he argued were appropriate were twice those which the convening authority had agreed to approve.

[2]. *United States v. Razor,* 41 C.M.R. 708, 711–13 (A.C.M.R.), *aff'd on other grounds,* 19 U.S.C. M.A. 570, 42 C.M.R. 172 (1970), which superficially seems to reach a contrary result, we regard as distinguishable because the court evidently was viewing a "recommendation" for a particular sentence as different from mere argument for an appropriate sentence. *Cf. United States v. Satkamp,* 32 C.M.R. 552, 560 (A.B. R.), *pet. denied,* 32 C.M.R. 472 (C.M.A.1962). The Manual is consistent with revised prosecution standards promulgated by the American Bar Association, which, by regulation, are

This argument for an appropriate sentence may either be made to the military judge alone, *United States v. Vos*, 7 M.J. 553, 554 (A.F.C.M.R.), *pet. denied*, 7 M.J. 330 (C.M.A.1979), or to court members. *United States v. Tschida*, 1 M.J. 997, 1003 (N.C.M.R.), *pet. denied*, 2 M.J. 192 (C.M.A. 1976); *United States v. Higdon*, 2 M.J. 445, 454 (A.C.M.R.1975), *pet. denied*, 5 M.J. 1091 (C.M.A.1976); *United States v. Coleman*, 41 C.M.R. 953, 956 (A.F.C.M.R.) (en banc), *pet. denied*, 41 C.M.R. 402 (C.M.A.1970).

■ We regard a trial counsel's argument for an appropriate sentence which happens to exceed the limit agreed to by the convening authority in negotiations for a plea of guilty as being permissible. The defense counsel in such cases is free to argue for a lesser sentence. *United States v. Wood*, 23 U.S.C.M.A. 57, 62, 48 C.M.R. 528, 533 (1974).[3]

■ The sentence of a court-martial, whether imposed by the military judge or by court members, is to be arrived at after consideration of all the facts and circumstances involved in the case, including in particular the circumstances indicated at the trial as extenuating, mitigating, or aggravating the offense. *See* Manual for Courts-Martial, *supra*, par. 76a(2). On the other hand, additional factors may have led a convening authority to accept an accused's proposed sentence in return for a plea of guilty to some or all of the offenses charged and some of these may differ factually from the sentence matters presented at the trial. *United States v. Villa*, 19

U.S.C.M.A. 564, 567, 42 C.M.R. 166, 169 (1970). Accordingly, the plea agreement with the convening authority does not establish a maximum punishment to be observed by the sentencing agency at the trial:

> Whether sentence is imposed by the judge alone or by the court members, the determination is not on the basis of the limits provided in the agreement, but [the maximum] as provided by law. The judge or court members, as the case may be, can impose a more severe sentence than provided by the agreement or a more lenient sentence. As far as the trial is concerned, therefore, the Government can, as it did here, disregard the agreement and require the court members to determine the sentence on the basis of the maximum penalty prescribed by law. The accused can disregard the agreement by trying to convince the judge or court members that he is worthy of greater leniency.

*United States v. Wood*, 23 U.S.C.M.A. 57, 61–62, 48 C.M.R. 528, 532–33 (1974); *see United States v. Hendon*, 6 M.J. 171, 174–75 (C.M.A.1979).

Accordingly, we hold that it is not error for the trial counsel, in arguing for an appropriate sentence as permitted by paragraph 75f of the Manual for Courts-Martial, to argue for a sentence that may exceed in some or all respects a sentence limitation agreed to by the convening authority in a plea bargain with the accused.[4]

made applicable to Army court-martial proceedings unless clearly inconsistent with the Manual or Uniform Code of Military Justice. 1 ABA Standards for Criminal Justice, Standard 3–6.1(b) (2d ed. 1980); *see* Army Regulation No. 27–10, Legal Services: Military Justice, par. 2–31*c* (1968) (rule initially promulgated in Change No. 10, 22 Feb. 1973).

3. For several reasons, military sentencing proceedings differ markedly from those employed in the civilian criminal courts, which accounts for some difference in the roles of counsel and the judge as well. *See, e. g., United States v. Konarski*, 8 M.J. 146, 148 (C.M.A.1979); *United States v. Hill*, 4 M.J. 33, 37–38 n.18 (C.M.A. 1977); *United States v. Occhi*, 2 M.J. 60 (C.M. A.1976); *cf.* 3 ABA Standards for Criminal Jus-

tice, Standard 18–6.3 with commentary (2d ed. 1980); National District Attorneys Association, National Prosecution Standards, Standard 18.1 with commentary (1977).

4. While not determinative of the result we reach, we note that military prosecutors may find themselves prosecuting several similar cases before the same court members. Limiting the prosecutor's sentence argument in cases involving a negotiated plea of guilty could not only generate some confusion in the minds of the court members, but would soon lead them to perceive the existence of a plea bargain, and possibly its terms. *Cf. United States v. Montes*, 44 C.M.R. 784 (N.C.M.R. 1971). Also, despite the result reached in *Unit-*

The findings of guilty and the sentence are affirmed.

Judge CLAUSE and Judge COHEN concur.

ed States v. Dawson, 10 M.J. 142 (C.M.A.1981), there appears to remain some possibility that a plea agreement could include a condition subsequent. See id. at 151 (Everett, C. J.), 151–53 (Cook, J.). Nor would limiting the trial coun-

sel's argument seem appropriate when the plea agreement did not limit the sentence to be approved by the convening authority, but only entailed suspension of some or all of the sentence.