# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32510**

————————————

## UNITED STATES
*Appellee*

**v.**

## Garrett J. STUTEVILLE
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 11 September 2019

————————————

*Military Judge:* Mark F. Rosenow.

*Approved sentence:* Bad-conduct discharge, confinement for 4 months, and reduction to E-1. Sentence adjudged 10 January 2018 by SpCM convened at Malmstrom Air Force Base, Montana.

*For Appellant:* Lieutenant Colonel Anthony D. Ortiz, USAF; Major Dustin J. Weisman, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Mary Ellen Payne, Esquire.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges.*

Senior Judge MINK delivered the opinion of the court, in which Judge LEWIS and Judge D. JOHNSON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MINK, Senior Judge:

Appellant was found guilty by a military judge, in accordance with his pleas, of two specifications of wrongful use of a controlled substance (marijuana and cocaine) on divers occasions and one specification of wrongful distribution

of a controlled substance (cocaine) on divers occasions in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] A panel of officer members sentenced Appellant to a bad-conduct discharge, confinement for four months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence but waived $1091.00 pay per month of the mandatory forfeitures for a period of four months or release from confinement, whichever was sooner, for the benefit of Appellant's spouse.

Appellant raises three issues on appeal: (1) whether an error in the staff judge advocate's recommendation (SJAR) requires new post-trial processing; (2) whether the military judge abused his discretion when he prevented trial defense counsel from inquiring about the effects of Appellant's conviction during voir dire; and (3) whether the military judge erred in failing to ensure Appellant's drug testing results entered into evidence were sufficiently reliable.[2] We find no prejudicial error with respect to the issues raised by Appellant.[3] Accordingly, we affirm the findings and sentence.

## I. BACKGROUND

In the SJAR, the staff judge advocate erroneously advised the convening authority that the maximum punishment in Appellant's case was a "Bad Conduct Discharge, one year confinement, reduction to E-1, and forfeiture of 2/3's pay for *up to six months*." (Emphasis added). Because the jurisdictional limit of a special court-martial could have been adjudged in this case, the actual amount of forfeitures that could have been imposed by the court martial included the forfeiture of 2/3's pay per month for up to 12 months. Article 19, UCMJ, 10 U.S.C. § 819.

---

[1] All references in this opinion to the Uniform Code of Military Justice (UCMJ) and Rules for Courts-Martial (R.C.M.) are found in the *Manual for Courts-Martial, United States* (2016 ed.) (*MCM*).

[2] Appellant personally raised issues (2) and (3) pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] We have carefully considered each of the issues raised by Appellant. With respect to issue (2), the military judge did not abuse his discretion by limiting the questions trial defense counsel could ask about the "collateral consequences" of a federal conviction during voir dire. With respect to issue (3), the military judge did not abuse his discretion in admitting Appellant's drug testing results as a proper foundation had been laid, the documents did not constitute testimonial hearsay, and the reliability requirements for sentencing evidence under the Fifth Amendment's Due Process Clause, U.S. CONST. amend. V, had been met. *See United States v. McDonald*, 55 M.J. 173, 176–77 (C.A.A.F. 2001). These two issues do not require further discussion or warrant relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

## II. DISCUSSION

### A. Law

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). "Failure to timely comment on matters in the SJAR, or matters attached to the recommendation, forfeits any later claim of error in the absence of plain error." *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (citing R.C.M. 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). To prevail under a plain error analysis, an appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *Scalo*, 60 M.J. at 436). The threshold for establishing prejudice from errors impacting an appellant's request for clemency from the convening authority is low, even in the context of plain error analysis, but there must be "some 'colorable showing of possible prejudice.'" *Id.* (quoting *Scalo*, 60 M.J. at 437).

### B. Analysis

As noted above, the SJA erroneously advised the convening authority of the maximum punishment in Appellant's case. The Defense clemency submission failed to address this error. Therefore, we test for plain error and we find this error plain and obvious based on the jurisdictional limit of a special court-martial. We also note the military judge correctly stated the maximum punishment prior to accepting Appellant's plea of guilty and counsel for both sides concurred in the military judge's statement.

Despite the obvious error, Appellant has not attempted to make a colorable showing of possible prejudice. We note the adjudged sentence did not include forfeitures and Appellant requested no financial relief from his adjudged sentence in his clemency submission. Under these circumstances, we find no colorable showing of possible prejudice from the misstatement in the maximum punishment in a special court-martial. *See Scalo*, 60 M.J. at 437. Under the facts of this case, we are confident that stating the proper maximum confinement would not have led to a more favorable recommendation by the staff judge advocate or further clemency by the convening authority. *See United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996).

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles

59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED.**[4]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[4] The convening authority's action, although signed and otherwise proper, is undated. The date of the action can be discerned through other documents in the record, and the absence of the date on the action itself has not impeded this court's review pursuant to Article 66, UCMJ, nor materially prejudiced a substantial right of Appellant. Accordingly, we find no corrective action is required *in this case*. However, it should be clearly understood that the date the convening authority takes action should be included on the action. This date is significant for numerous reasons—for example, to ensure the convening authority does not act before receiving matters submitted by an appellant or crime victim, and for ensuring timely post-trial and appellate review. *See* R.C.M. 1105; R.C.M. 1105A; *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006); *see also MCM*, App. 16, at A16–1 ("[T]he action should show . . . the date of the action.").